IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

AMANDA C. MORRIS                                                    PLAINTIFF

v.                          No. 4:12-cv-281-DPM

U.S. BANK; MICHAEL SHELLEY;
and MIKE RICHARDSON                                              DEFENDANTS

ORDER

Amanda Morris was an assistant vice president and branch manager for U.S. Bank. Taking the allegations of her first amended and substituted complaint as true at this point, she did a good job for several years and then the bank fired her because it found out that Morris, who is white, is married to a black man. U.S. Bank says it let her go because she lost a big commercial customer, loan volume was down at her branch, and other performance-related reasons. The motion to dismiss Morris's complaint raises several issues. The most difficult is whether the National Bank Act, 12 U.S.C. § 24, preempts her claim under the Arkansas Civil Rights Act.

The motion to dismiss is denied as to Morris's claims against U.S. Bank under Title VII and 42 U.S.C. § 1981. She pleads enough facts to move her claim beyond the possible to the plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678,

(2009). The facts alleged are that her inter-racial marriage, not her job performance, caused the bank to fire her. If true, this would be race-based employment discrimination in violation of Title VII as well as an interference with her right to contract for a job in violation of 42 U.S.C. § 1981. Morris's claim for attorney's fees under 42 U.S.C. § 1988 rises or falls with the Title VII and § 1981 causes of action.

Morris has also sued Michael Shelley, who is the president of U.S. Bank for Arkansas, and Mike Richardson, who was the vice president and district manager for U.S. Bank. Morris now agrees that she has no claim under Title VII or the Arkansas Civil Rights Act against either of these individuals. Those claims must therefore be dismissed.

Morris's outrage claim under Arkansas law against all three defendants fails as a matter of law. The conduct alleged is offensive. But the Arkansas Supreme Court has been clear that not all offensive conduct is outrageous. *See, e.g., Kelley v. Georgia-Pacific Corp.*, 300 F.3d 910, 912 (8th Cir. 2002). The difficulty here, of course, is how far an outrage exception cuts into the general Arkansas rule of at-will employment. The Arkansas Supreme Court has construed this tort extremely narrowly. *See, e.g., Freeman v. Bechtel*

*Construction Co.*, 87 F.3d 1029, 1031 (8th Cir. 1996). And this Court must follow that precedent on this state-law issue.

There is no dispute that U.S. Bank is an association covered by the National Bank Act. The Act empowers the bank, through its board of directors, "to appoint a president, vice president, cashier, and other officers, define their duties, require bonds of them and fix the penalty thereof, dismiss such officers or any of them at pleasure, and appoint others to fill their places." 12 U.S.C. § 24. Morris, everyone agrees, was an officer — she was an assistant vice president and branch manager. In an early Eighth Circuit decision, the first Judge Sanborn explained the purpose of this provision. "Nor is it at all probable that this provision of the national bank act was inserted without purpose or consideration. Observation and experience alike teach that it is essential to the safety and prosperity of banking institutions that the active officers, to whose integrity and discretion the moneys and property of the bank and its customers are intrusted, should be subject to immediate removal whenever the suspicion of faithlessness or negligence attaches to them." *Westervelt v. Mohrenstecher*, 76 F. 118, 122 (8th Cir. 1896). U.S. Bank argues hard that this statute preempts any claim by Morris under

-3-

the Arkansas Civil Rights Act.

Neither the United States Supreme Court nor the United States Court of Appeals for the Eighth Circuit has decided the preemptive force of the at-pleasure clause. Other circuits have divided. The Sixth Circuit has held that the Act's dismiss-at-pleasure clause preempts all state-law discrimination claims. *Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928 (6th Cir. 1987). The Ninth Circuit, in contrast, held that the at-pleasure provision preempts state law unless the state law "substantively mirrors" the analogous federal law, wherein the state law is preempted only to the extent that it conflicts with federal law. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 989 (9th Cir. 2005); *see also Fasano v. Federal Reserve Bank of New York*, 457 F.3d 274 (3rd Cir. 2006); *Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214 (4th Cir. 1993). District courts have likewise come to differing conclusions. *Compare Ewing v. Federal Home Loan Bank of Des Moines*, 645 F. Supp. 2d 707 (S.D. Iowa 2009), *with Katsiavelos v. Federal Reserve Bank of Chicago*, 1995 WL 103308 (N.D. Ill. 3 March 1995).

In a recent teaching opinion, the Eighth Circuit did clarify preemption doctrine. *Pet Quarters, Inc. v. Depository Trust and Clearing Corp.*, 559 F.3d 772,

780 (8th Cir. 2009). The National Bank Act, of course, contains no express preemption provision. And the Act is not among those few where the Court has held that field preemption exists. So the question is the extent to which the Arkansas Civil Rights Act conflicts with the at-pleasure clause of the National Bank Act. *Pet Quarters, Inc.*, 559 F.3d at 780.

The Act's at-pleasure clause, of course, must be harmonized with Title VII and the other federal anti-discrimination statutes. U.S. Bank makes no argument, or could it, that the bank could act in violation of Title VII without violating the law. The federal statutes are *in pari materia* and must be construed together. Morris, as the Court has held and U.S. Bank implicitly concedes, has stated a Title VII claim.

To analyze how the Arkansas Civil Rights Act conflicts with the National Bank Act, the Court should therefore look to the National Bank Act as well as Title VII. The relevant inquiry is the variance between Title VII and the Arkansas Civil Rights Act, and whether the Arkansas Act conflicts with Title VII such that all or part of the Arkansas Act is preempted. This is the analytical route followed by Judge Pratt in *Ewing v. Federal Home Loan Bank of Des Moines*, and it strikes the Court as sound. Here, there are substantial

differences between the two statutes: differing statutes of limitation, exhaustion requirements, punitive damages caps, and permissible liability against supervisors under Arkansas law. *See generally* 42 U.S.C. § 2000e, *et seq.*; Ark. Code Ann. § 16-123-100 *et seq.*; *Calaway v. Practice Management Services, Inc.*, 2010 Ark. 432 (11 November 2010).

But preemption arises only if there is an actual conflict where state law frustrates federal law. U.S. Bank has not articulated any conflict that makes a legal difference in this case — a conflict where Arkansas law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress[,]" or where "it is impossible for [Morris] to comply with both state and federal requirements." *English v. General Electric Co.*, 496 U.S. 72, 79 (1990). The Court is not clear why Morris wants to proceed on her Arkansas Civil Rights Act claims if they are, as they seem to be, merely echoes of the Title VII and § 1981 claims. But she has the right to plot her own strategy in the case. Until the bank articulates a precise conflict that makes some legal difference in this case, Morris's Arkansas Civil Rights Act claims against the bank stand.

\* \* \*

Morris has a viable Title VII claim against U.S. Bank and a viable § 1981 claim against U.S. Bank, Shelley, and Richardson. Her Title VII claims against Shelley and Richardson fail as a matter of law and are dismissed with prejudice. Her Arkansas Civil Rights Act claims fail as to Shelley and Richardson; they are dismissed with prejudice. Her Arkansas Civil Rights Act claims survive as against the bank to the extent that they do not conflict with or frustrate the National Bank Act construed in light of Title VII. She has failed to state an outrage claim on which relief can be granted, and that part of her complaint is dismissed without prejudice.

U.S. Bank points out that it is misnamed in Morris's pleading. Morris agrees. The Court therefore directs the Clerk to correct the docket so that U.S. Bank National Association is the lead defendant.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

10 January 2013